**Affirmed and Memorandum Opinion filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00450-CV

---

## MARK HARDING, Appellant

### V.

## ERIC'S CARE MANAGER BRIAN WEBB, Appellee

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1203287**

---

### MEMORANDUM OPINION

In what we construe as a single issue on appeal, appellant Mark Harding argues that the trial court erred by dismissing his claims against appellee Eric's Care Manager Brian Webb.[1] However, we conclude that appellant's claims are

---

[1] Harding originally filed suit against "Eric's Car Care." As explained later in this opinion Harding later filed a separate suit against "Eric's Car Care Manager Brian Webb." The latter is not the actual name of the individual or business entity involved, but Brian Webb was the manager of Eric's Car Care during the relevant time period. No party to the appeal disputes that the defendant/appellee is "Eric's Care Manager Brian Webb," and that is how the judgment of the court below identifies the defendant.

barred by the doctrine of claim preclusion; accordingly, we affirm the judgment of the trial court as challenged on appeal.

## I. BACKGROUND

Harding received auto repair services from Eric's Care Manager. Alleging that Webb did not honor the warranty on his vehicle, Harding filed suit in Harris County Justice Court Precinct 5, Place 1, cause number 205100223586 (the first lawsuit), which signed a June 1, 2022 $6,000 postanswer default judgment against "Eric's Car Care." On appeal de novo a trial was set before County Civil Court at Law No. 1, cause number 1190314.[2] Harding did not appear, the county court civil court at law conducted a trial, and signed a December 1, 2022 judgment that Harding take nothing.[3]

Rather than appeal the take-nothing judgment, Harding filed a new lawsuit, alleging the same set of facts and same legal theories against Webb in Harris County Justice Court Precinct 5, Place 1, cause number 235100002307 (the second lawsuit). The justice court called the case for trial, Harding appeared, and after trial

---

[2] An appeal from justice court is tried de novo in the constitutional county court. Tex. R. Civ. P. 506.1, 506.3. A constitutional county court has appellate jurisdiction in civil cases over which the justice court has original jurisdiction, including civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $20,000, exclusive of interest. Tex. Gov't Code §§ 26.042(a), (e), 27.031(a)(1). But in those counties having statutory county courts, the county court at law has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for constitutional county courts. Tex. Gov't Code § 25.0003(a). Harris County has statutory county courts. Tex. Gov't Code § 25.1031. Thus, in Harris County, the county civil court at law has jurisdiction over appeals from justice court.

[3] The documents from the first lawsuit and judgment after appeal de novo appear in the clerk's record as exhibits to defendant/appellee's motion to dismiss. While this is irregular, there is no reporter's record from the trial that is the subject of this appeal, and no indication in the clerk's record that Harding objected to the trial court's consideration of the exhibits. In addition, Harding also attaches the June 1, 2022 justice-court judgment and de novo December 1, 2022 statutory-county-court judgment as exhibits to his appellate brief. Accordingly, Harding has not preserved any complaint on appeal about the use of the exhibits. *See* Tex. R. App. P. 33.1(a).

signed a March 27, 2023 judgment that Harding take nothing, Harding appealed de novo, and the case was assigned to Harris County Civil Court at Law No. 4, cause number 1203287. Webb asserted issue preclusion, claim preclusion, and waiver. The statutory county court agreed with Webb and found that Harding's claims were "barred under the doctrine of res judicata and collateral estoppel"; accordingly, the statutory county court signed a June 13, 2023 judgment dismissing Harding's claims with prejudice.

## II. ANALYSIS

In what we construe as a single issue, Harding argues that the statutory county court erred by dismissing his claims.[4]

"Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992). The party relying on the affirmative defense of claims preclusion must prove "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

The uncontested facts reveal there is a different named defendant in the first

---

[4] We replicate below the entirety of Harding's "Argument" section on appeal, without any modifications: "The Appellee Eric's Car Care Manager Brian Webb didn't honor the year warranty that was granted to the Appellant Mark Harding. By law the shop should have honored the one-year warranty that was in the contract. The Appellant has physical evidence of proof that the repairs wasn't made towards the vehicle. The lower courts didn't let any evidence be presented in court, because the substitute judge in Honorable Judge Moncrief Singh court stated that this was just a hearing. In the trial appeal and that he couldn't overturn any judgment that was made by the previous judgment."

and second lawsuits, Eric's Car Care and Eric's Car Care Manager Brian Webb. The significance of the difference between the named defendants could have been litigated in the trial court but was not. Otherwise, the second lawsuit is based on the same facts and claims that were raised in the first lawsuit. Further muddying the waters, appellee states without explanation in the portion of its trial-court motion to dismiss based on claim preclusion that "Plaintiff has raised the same issues in the pending lawsuit and the First Lawsuit *against the same Defendant*." (Emphasis added).

Harding offers no argument on appeal specifically directed at claim or issue preclusion. Accordingly, we have no basis to reverse the trial court's dismissal based on claim preclusion or to discuss the issue of issue preclusion.

## III.   CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.



/s       Charles A. Spain
         Justice

Panel consists of Justices Wise, Spain, and Hassan.

4